ALBERT M. WOOSTER *vs.* FREDERICK C. MULLINS ET AL.

Third Judicial District, Bridgeport, April Term, 1894. ANDREWS, C. J.,
TORRANCE, FENN, BALDWIN and HAMERSLEY, Js.

A city charter provided for the designation at one and the same time of two
official newspapers by the common council, and that no member of
either branch should vote for more than one newspaper: it further pro-
vided that the common council should consist of the mayor, the board
of aldermen, and the board of councilmen, and that the mayor should
preside at the meetings of the board of aldermen and "have a casting
vote only in case of a tie." The board of councilmen having desig-
nated two newspapers, the matter came up for action in the board of
aldermen, and a vote was taken resulting in four ballots for each of
these and four for a third newspaper, whereupon the mayor ruled that
the vote was a tie; and dissolved it by voting for the two newspapers
designated by the board of councilmen. *Held* that his action was
proper, and that the newspapers so selected were lawfully designated.
(Two judges dissenting.)

[Argued April 20th—decided May 29th, 1894.]

SUIT for an injunction to restrain the defendants from
making payments to two official newspapers of the city of
Bridgeport; brought to the Court of Common Pleas in Fair-
field County and tried to the court, *Curtis, J.,* upon de-
murrer to the complaint; demurrer sustained and judgment
rendered for the defendants, and appeal by the plaintiff for
alleged errors in the rulings of the court. *No error.*

The charter of the city of Bridgeport requires the publi-
cation of the official proceedings of the Common Council in
two of its daily newspapers, to be designated by the Com-
mon Council, and provides that "in making such designa-
tion, no member of either branch of said Common Council
shall vote for more than one of said newspapers."

By sec. 7 of the charter, "the Common Council of said
city shall consist of two separate bodies, namely: The Board
of Aldermen composed of all the aldermen, and the Board
of Councilmen composed of all the councilmen, which bodies
shall meet separately except as hereinafter provided. The
mayor shall preside at the meetings of the Board of Alder-
men, and shall have a casting vote only in case of a tie."

Sec. 24 declares that " the Mayor, Board of Aldermen and Board of Councilmen of said city shall constitute and be a body known as the Common Council of the city of Bridgeport."

By sec. 26 it is provided that " all elections to any office or position within the gift of the Common Council, or within the gift of either board thereof, shall be made by ballot, and the person receiving a plurality of ballots cast shall be elected, and in all cases of a tie the mayor shall have the casting vote. * * * Whenever said Common Council, acting by its separate boards, shall have failed, or shall fail for any cause, to complete an election as aforesaid, it shall immediately thereafter be the duty of the mayor to call a joint convention of all members of said boards in the chambers of the councilmen, and such joint convention, the mayor presiding, shall proceed to such election, and in case of a tie the mayor shall have a casting vote."

On May 1st, 1893, the Board of Councilmen designated the Bridgeport Evening Farmer and the Bridgeport Evening Post as the two newspapers in which to make the official publications. On May 3d, this action was communicated to the Board of Aldermen, which consisted of twelve members, exclusive of the mayor. They proceeded to a ballot, upon which four votes were cast for the Bridgeport Evening Farmer, four for the Bridgeport Evening Post, and four for the Bridgeport Evening News. The mayor thereupon announced that it was a tie vote, and gave his casting vote for the two which had been named by the Board of Councilmen. Subsequently, the mayor executed, in behalf of the city, contracts with each of the two newspapers thus designated, and they proceeded to make the official publications.

The plaintiff brought this action as an elector and taxpayer of the city against the city and its clerk and treasurer, for an injunction against the payment of the bills rendered by the proprietors of the two newspapers for work done under these contracts.

*Stiles Judson, Jr.,* for the appellant (plaintiff).

*Daniel Davenport*, for the appellees (defendants).

BALDWIN, J. The main question in this case is whether the vote of the aldermen was a tie vote within the meaning of the city charter.

The word *tie*, as applied to an appointment by election, signifies a state of equality between two or more competitors for the same position. Century Dictionary, *in verb.* The provision that two newspapers shall be designated by a vote in which no member of either branch of the Common Council shall vote for more than one, evidently contemplates the selection of one, and permits the selection of both, by the action of less than a majority of each board. " In elections in which the principle of plurality is adopted, the candidate who has the highest number of votes is elected, although he may have received but a small part of the whole ; and, where several persons are voted for at the same time for the same office, those (not exceeding the number to be chosen) who have respectively the highest number of votes are elected. But, where two or more persons have equal numbers of votes, there is no election, and a new trial must take place, unless some other mode of determining the question is provided by law. In some of the States, where the votes are thus divided, the returning officers are authorized to decide between them, and to return which they please ; but, unless thus expressly authorized by law, the returning officers have no casting vote." Cushing on the Law and Practice of Legislative Assemblies, § 118. " By a casting vote is meant one which is given when the assembly is equally divided, and when the question pending is in such a situation that a vote more on either side will cast the preponderance on that side, and decide the question accordingly ; and not merely a vote which, if given on one side, will produce an equal division of the assembly, and thereby prevent the other side from prevailing. This principle extends to cases of election by ballot. In these cases the speaker does not vote by ballot, but waits until the votes are reported, and then votes orally, not for whom he pleases, but for one, or

for the requisite number, of the candidates voted for, who have received an equal number of votes. This principle applies equally in those cases where a less number than a majority is permitted, or a greater is required, to decide a question in the affirmative. Thus, if one third only is permitted or required, and the assembly, on a division, stands exactly one third to two thirds, there is then occasion for the giving of a casting vote, because the presiding officer can then, by giving his vote, decide the question either way." *Ibid.*, § 306.

An apt illustration of this method of procedure, as applied to cases of more than two contestants for the same position, is afforded by the practice of balloting for select committees in the British House of Commons. " The majority necessary to an election is not an absolute majority of all the persons voting. but only a plurality; and if there are several persons, who all have the same number of votes, and the whole would make more than the number fixed for the committee, the speaker gives a casting vote for the election of the requisite number." Cushing's Law and Practice of Legislative Assemblies, § 1882.

A tie is that which is tied. It is a knot; and when provision is made, in regulating legislative procedure, for a casting vote by the presiding officer in case of a tie, the object is to allow him to untie this knot. The charter of Bridgeport evidently looks to the designation of the two official newspapers by one and the same vote, each member of the respective boards voting for one alone. The mayor is a component part of the Common Council, but he is not a member of either of the two branches or boards, which with him constitute that body. He is therefore not forbidden, in the selection of the official newspapers, to vote for more than one of these. The ballot taken by the aldermen, resulting in four votes for each of three different newspapers presented the case of a tie, and to dissolve it the mayor's casting vote was properly and necessarily given for two of them; for the charter required the simultaneous designation of two. It

follows that the demurrer to the complaint was properly sustained.

There is no error in the judgment appealed from.

In this opinion Torrance and Fenn, Js., concurred; Andrews, C. J., and Hamersley, J., dissented.