# Robertson *v.* The State.

*Action by State to recover License.*

1. *Legislation; in determining whether bill constitutionally passed, court can look only to enrolled bill and journals of the two houses of the General Assembly* —In determining whether a bill enrolled and signed by the president of the senate and speaker of the house of representatives of the General Assembly and approved by the Governor was regularly and constitutionally enacted in all its provisions and contains all of the provisions which were enacted by the General Assembly, recourse can be had only to the bill itself as so enrolled, signed and approved and to the journals of the two houses of the General Assembly.

2. *Same; same; same.*—Where an act of the General Assembly does not appear from the journal of the two houses to contain any provisions which the houses did not concur in passing, and it does not appear from such journals that any pro-

visions in which the houses concurred in enacting, are omitted from the act as enrolled, signed and approved, and it is shown by the journal of the house that all the constitutional steps for a valid enactment have been taken, such a statute is constitutional and valid.

3. *Same; inability of Speaker of House of Representatives to discharge the duties of the office, authorizes the election of a speaker pro tempore, who has authority to sign bills.*—Where the regularly and duly elected Speaker of the House of Representatives is unable, by reason of physical or mental infirmity, to discharge any of the duties of the office, the said house has authority, under the constitution, to elect a speaker *pro tempore*, when it is necessary for the transaction of legislative business; anu such temporary speaker, when so elected, is "the presiding officer" of the house, and as such is authorized by section 27, Article IV of the constitution, to sign bills passed by the General Assembly.

APPEAL from the City Court of Montgomery.

Tried before the Hon. A. D. SAYRE.

This action was brought by the State of Alabama against the appellant, W .T. Robertson, to recover $350, the amount due the State for a license for carrying on the business of a wholesale liquor dealer in the year 1901, under subdivision 52 of section 17 of an act entitled "An act to amend the revenue laws of the State of Alabama, approved March 5, 1901."

It was averred in the complaint that, notwithstanding the passage of said act, the defendant after its passage, and approval by the Governor, had carried on the business of a wholesale liquor dealer, without taking out the license provided for in said subdivision. To the complaint the defendant interposed a demurrer, assigning several grounds, which may be summarized as follows: 1. That the alleged act of the General Assembly mentioned in the complaint was enacted in violation of section 10, article IV of the constitution in that the title of said act, which when introduced was "An act to provide for the more efficient assessment of taxes and licenses in the State of Alabama," and which was, as shown by its title, not a general revenue bill, was wholly changed in its title and in its purpose during its passage through the House of Representatives, and the substitute reported from the committe to which the original

bill was referred, which substitute was entitled "An act to further amend the revenue laws of the State of Alabama;" which said title imported that it was a general law for the whole State, and that, therefore, the adoption of such substitute was a departure from the purpose and scope of the bill as originally introduced. 2. Said act of the General Assembly as referred to in the complaint was passed in violation of section 21, article IV of the constitution, in that said bill was not read on three different days in the House of Representatives, in which it originated, and on three different days in the Senate of General Assembly, before its final passage in each house. 3. That said act as passed and signed and approved by the Governor was in violation of section 27 of article IV of the constitution, in that it was not signed by the speaker of the House of Representatives; that at the time of the passage of said act and continuously during the time the bill was pending in the General Assembly, Hon. Francis L. Pettus was duly elected as presiding officer and speaker of the House of Representatives, but as shown by the journal of said House of Representatives, the bill was never signed by said Francis L. Pettus, but was signed by Hon. A. M. Tunstall, as speaker *pro tempore* of the House of Representatives. This demurrer was overruled, to which ruling the defendant duly excepted. Thereupon the defendant filed several pleas, in which they set up as the grounds of defense the same constitutional objections as were included in the demurrers to the complaint. To these several pleas the plaintiff demurred upon several grounds, assigning in various phases the objection that said pleas constituted no answer to the complaint and interposed no reason why the plaintiff could not maintain the action. These demurrers to the defendant's pleas were sustained, and the defendant, declining to plead further, judgment was rendered for the plaintiff. The defendant appeals, and assigns as error the several rulings of the trial court upon the pleadings to which exceptions were reserved.

[Robertson v. The State.]

HILL & HILL, GORDON MACDONALD, J. H. Mc-NELL, and PETTUS, JEFFRIES & PARTRIDGE, for appellant.—The court erred in holding that it had no power, under the law, to examine the bill as originally introduced in the House of Representatives and the same as amended in its passage through the Senate for the purpose of ascertaining whether or not the amendments adopted in the Senate and concurred in by the House were all actually copied in the enrolled bill signed by the speaker of the House and president of the Senate, and approved by the Governor.—*Jones v. Hutchinson,* 43 Ala. 721; *State v. Buckley,* 54 Ala. 599; *Moog v. Randolph,* 77 Ala. 597; *Steiner v. Leeper,* 78 Ala. 517; *Sayre v. Pollard,* 77 Ala. 609.

It has been held that neither the printed statute book, nor the ordinary authentication of the statute after its passage, would preclude the inquiry into the fact whether the statute as published had in truth passed the legislature; and as evidence upon the question, the legislative journals, and the bills as acted upon by the legislative assemblies have been consulted.—*Purdy v. The People,* 2 Hill (N. Y.) 33; s. c. 4 Hill 384; *DeBow v. The People,* 1 Denio 11; *Southwark Bank v. Commonwealth,* 2 Penn. St. 446; *Spangler v. Jacoby,* 14 Ill. 297; *Turley v. Logan County,* 17 *Id.* 151; *People v. Stone,* 35 *Id.* 121; *People v. Mahany,* 13 Mich. 481; Cooley on Const. Lim. 135; Smith on Const. & Stat. Law, §§ 949, 950; Sedgw. on Const. & Stat. Law, 69; Cushing on Law of Legislative Assemblies, §§ 2211, 2212, 2219, 2222, 2405.

The court erred in holding that Mr . Tunstall, as speaker *pro tempore* of the House of Representatives, had authority, under the constitution of the State, to sign said bill as said speaker.

We further respectfully submit to the court that the adoption of the provision in the present constitution as to the speaker of the House, is substantially the same as was adopted in our former constitution, and the construction placed by the court on the former constitution as to who is the presiding officer was adopted in the adoption of our present constitution. This being so, we respectfully submit that the speaker of the House

[Robertson v. The State.]

is the presiding officer of that House. So long as Hon. F. L. Pettus remained speaker of the House of Representatives, the House had no right or authority to have a speaker *pro tempore*, and there certainly could not be two speakers of the same House. Two speakers are not recognized nor countenanced by our constitution. The speaker of the House is a constitutional officer, and we respectfully submit that he is the only presiding officer, at least with the power and authority to sign bills, and that the bill in question, being signed by Mr. Tunstall, and not by Hon. F. L. Pettus, the speaker of the House, was not signed by the presiding officer, as required by the constitution.—*Ex parte Roundtree,* 51 Ala. 42; *Taylor v. Wood,* 52 Ala. 474; *Ex rel. Winter v. Sayre,* 118 Ala. 1.

CHAS. G. BROWN, Attorney-Geneal, WATTS, TROY & CAFFEY, and W. M. BLAKEY, *contra.*—The court takes judicial notice of enrolled bills and legislative records. *Jones v. Hutchinson,* 43 Ala. 721; *Moody v. State,* 48 Ala. 115; *Moog v. Randolph,* 77 Ala. 597; *Sayre v. Pollard,* 77 Ala. 608; *Henderson v. State,* 94 Ala. 95; *Wilson v. Duncan,* 114 Ala. 668; *Ex parte Howard Harrison I. Co.,* 119 Ala. 484; *Montgomery, etc., v. Gaston,* 126 Ala. 425.

At common law, without express constitutional or statutory provision to the contrary, an enrolled bill authenticated by the signature of the presiding officer of the legislative body which enacted it is conclusively presumed to be correct.—*Rex v. Arundel,* Hobart 111; *Sherman v. Story,* 30 Cal. 277; 89 Am. Dec., 93; *Field v. Clarke,* 143 U. S. 678; 23 Am. & Eng. Ency. Law, 212, note.

Under the constitution of Alabama, the journals of the Senate and House are the exclusive source of competent evidence to impeach an authenticated enrolled bill, and loose memoranda attached to the original bill filed in the office of the Secretary of State cannot be looked to.—Const., Art. IV, §§ 13, 21, 22, 27; *Ex parte Howard Harrison Co.,* 119 Ala. 419,*et seq.;* *Montgomery B. B. Wks. v. Gaston,* 126 Ala. 425; *State v. Buck-*

*ley,* 54 Ala. 613; *Walker v. Griffith,* 60 Ala. 364-7; *Clarke v. Jack,* 60 Ala. 279; *Harrison v. Gordy,* 57 Ala. 51, 52; *State v. Smith,* 44 Ohio St. 364-8; *State v. Francis,* 26 Kan. 724, 731-2; *State v. Wilson,* 123 Ala. 259; Code, §§ 2221-24; *Ansley v. Carlos,* 9 Ala. 979.

A general revenue bill is not required to have a title, and the sole inhibition on altering or amending it in the course of its passage is that its original purpose shall not be changed; unless such change is affirmatively shown by the journal, it will be conclusively presumed that there was no such change, and an alteration in the title of such a bill appearing in the journal is not evidence of such change.—Const., Art. IV, §§ 2, 19, 20; *Stein v. Leeper,* 78 Ala. 519-24; *Abernathy v. State,* 78 Ala. 414; *Hall v. Steel,* 82 Ala. 565; *State v. Buckley,* 54 Ala. 6, 12-13; *Harrison v. Gordy,* 57 Ala. 52-3.

McCLELLAN, C. J.—The decisions of this court have settled this proposition: That in determining whether a bill enrolled, and signed by the president of the Senate and the speaker of the House of Representatives, and approved by the Governor was in fact regularly and constitutionally enacted in all its provisions and contains all the provisions which were enacted by the General Assembly, recourse can be had only to the bill itself as so enrolled, signed and approved and to the journals of the two houses of the assembly. The bill itself, wrought by such enrollment, signatures and approval into an apparently valid enactment of the legislative department of the government, is a record of its own existence and integrity—in many jurisdictions constituting the only record to be looked to—and carries with it a presumption that it is the bill which the two houses concurred in passing, and this presumption can only be overcome by the contrary being made to affirmatively appear from that other record, the journals—the bound volumes of the proceedings transcribed, and signed by the presiding officers and deposited with and kept by the Secretary of State—of the respective houses of the General Assembly.—*Ex parte Howard-Harrison Iron Company,* 119 Ala. 484, 491, and authorities there cited; *Montgomery Beer-Bottling Works v. Gaston, Judge, etc.,* 126 Ala. 425.

The act approved March 5th, 1901, entitled "An act to further amend the Revenue Laws of the State of Alabama," does not appear from the journals of the two houses to contain any provision which the houses did not concur in passing, nor does it appear from said journals that any provision which the houses concurred in enacting is omitted from the act as enrolled, signed and approved; and we concur in the conclusion and judgment of the city court, so far as this matter is concerned, that said act is constitutional and valid.

The only other question in the case arises upon the fact that this bill was signed not by Hon. F. L. Pettus, the speaker of the house at the time of its passage, but by Hon. A. M. Tunstall, who had been elected speaker *pro tempore;* Mr. Pettus being sick and absent and unable to discharge any of the duties of the office. It seems clear upon principle and authority that the house had the right to elect a temporary speaker under the circumstances indicated, and that such speaker so elected had all the rights and authority, and was under all the duties incident to the office of speaker. A necessity of such action on the part of the house, and for the exercise of such authority and the discharge of such duties on the part of the member chosen to act as speaker *ad interim* is within the express contemplation, so to say, of the constitution itself in that it provides for contingencies in which the speaker ceases to act as such while the legislature is in session without vacating his office, as where the speaker takes over for a time the office of governor or discharges the duties thereof. And a like necessity may arise at any time during a session of the general assembly when the speaker from physical or mental infirmity is incapacitated both for a discharge of the duties of the office and to resign and retire from it. In all such cases, in all cases, we apprehend, where in the judgment of the house it becomes necessary to the transaction of legislative business for a speaker *pro tempore* to be chosen and installed, the house may elect one of its members to discharge all the duties of the office of speaker for a time commensurate with the necessity, and such temporary speaker is "the presiding

[*Ex parte* Campbell *et al.*]

officer" of the house, who is authorized by section 27, article IV, of the constitution to sign bills, etc.—9 Jefferson's Complete Works, p. 17; 3 Lalor Cy., p. 91; Cushing's Law & Pr. of Leg. Assemblies, § 313. Hence our further concurrence with the trial court that the bill in question was well signed by the speaker *pro tempore.*
Affirmed.