185 So. 376

### In re OPINIONS OF THE JUSTICES.
### No. 46.

Supreme Court of Alabama.
Dec. 29, 1938.

To the Chief Justice and Associate Justices of the Supreme Court of Alabama.

Gentlemen:

As Governor of Alabama, under the provision of Section 10290, etc., Code of Alabama, as amended, I request an opinion in reference to the matter discussed in the letter which is hereto attached.

The Honorable Thomas E. Knight, Jr., Lieutenant-Governor and Presiding Officer of the Senate, is now deceased and the Honorable D. Hardy Riddle, President pro tem. of the Senate, has resigned from the Senate. Please advise me who is the proper party to call the Senate to order when it convenes at the coming session of the Legislature in January. I deem this a matter of sufficient importance to warrant your opinion on the subject.

I am enclosing herewith a letter from the Honorable J. E. Speight, Secretary of the Senate, in reference to this matter.

Very respectfully,

Bibb Graves

Bibb Graves, Governor.

"Hon. Bibb Graves, Governor,

"Capitol.

"Dear Governor:

"In view of the fact that the Lieut. Governor, Hon. Thomas E. Knight, Jr., is deceased, and the further fact that Hon. D. Hardy Riddle, President Pro-Tem. of the Senate, has resigned, I am uncertain as to the method of organizing the new Senate.

"I would appreciate it very much if you would obtain and furnish me an advisory opinion from the Supreme Court advising who is to preside over the proceedings of the Senate until a President Pro-Tem. is elected.

"Very truly yours,

"(Signed—J. E. Speight)

"Secretary"

To Honorable Bibb Graves,
Governor of Alabama,
Montgomery.

Sir:

The organization of the Senate is provided for by section 51 of our State Constitution, and in view of this fact we interpret your inquiry as within the influence of section 10290, Code of 1923, and proceed to make response thereto.

When the Senators convene there will be neither a Lieutenant-Governor nor President pro tem. of the Senate to preside and organize that body, and neither the Constitution nor any statute has made provision for such emergency.

We think the answer to your inquiry lies in the application of well recognized rules of parliamentary procedure. A somewhat similar situation was presented in Robertson v. State, 130 Ala. 164, 30 So. 494. There it appears the Speaker of the House was absent on account of illness. The holding was that in such emergency the House had the power to elect one of its members speaker pro tempore who was by such election clothed with the authority of the Speaker of the House to sign bills and discharge all the duties of such office for a time commensurate with the necessity. Like principle was given application in Garner v. Jefferson County, 234 Ala. 412, 175 So. 352. In the latter case certain refunding bonds were required to be signed by the president of the county commission, who by reason of serious illness was unable to do so. The county commission proceeded to the election of a president pro tem., and the Court held this procedure was proper, and that as president pro tem. he was authorized to sign the refunding bonds. The opinion cites section 314 of Cushing's Legislative Assemblies as supporting this view, wherein the author observes: "But where the presiding officer is a member of the body over which he presides, the right to supply his place temporarily is admitted without any express provision to that effect either of constitution or law or by a rule of the assembly." [Page 353.] And in the following section (section 315) speaking to the procedure as to the selection of a president pro tempore the author says, "the clerk usually presiding and putting the necessary questions."

Applying these principles to your inquiry, we suggest the following procedure. Upon the assemblage of the Senators at the hour and place prescribed by law, the Secretary of the Senate shall call the Senate to order and have presented the certificates of election of each senator. Thereupon the oath of office should be duly administered and each Senator will sign the same. This having been completed, the Secretary of the Senate shall then announce that he will entertain a motion for the election of a President pro tempore of the Senate, and the Senators will then proceed to the election of such officer. And immediately upon the election of the President pro tempore of the Senate, he shall assume his duties as presiding officer, and

the Secretary of the Senate shall resume the duties of the office of Secretary.

We respectfully present these observations as in answer to your inquiry.

Very respectfully,

JOHN C. ANDERSON,
Chief Justice.
LUCIEN D. GARDNER
WILLIAM H. THOMAS
VIRGIL BOULDIN
THOMAS E. KNIGHT,
Associate Justices.