222 So.2d 714

**OPINION OF THE JUSTICES.**

**No. 195.**

Supreme Court of Alabama.

May 5, 1969.

The Senate of Alabama
State Capitol
Montgomery, Alabama

Gentlemen:

Senate Resolution No. 42 asks the following question: "does the President Pro Tem of the Senate who has assumed the duties of Presiding Officer of the Senate in the permanent absence of the Lieutenant Governor have the right to cast a vote in the event there is a tie vote" in the Senate?

The resolution also states that the present President Pro Tem of the Senate, Senator O. J. Goodwyn, intends to "exercise his right as a Senator from Montgomery County to vote on any and all issues."

The Attorney General of Alabama has rendered an opinion stating that in the event of a tie vote in the Senate, Senator Goodwyn, as presiding officer of the Senate, could, in addition to voting as a Senator from Montgomery County, vote a second time as presiding officer.

We cannot agree with the opinion of the Attorney General, and we answer your question in the negative.

Section 51 of the Constitution of 1901 provides:

"The senate, at the beginning of each regular session, and at such other times as may be necessary, shall elect one of its members president pro tem. thereof, to preside over its deliberations in the absence of the lieutenant-governor; and the house of representatives, at the beginning of each regular session, and at such other times as may be necessary, shall elect one of its members as speaker; and the president of the senate and the speaker of the house of representatives shall hold their offices respectively, until their successors are elected and qualified. In case of the temporary disability of either of said presiding officers, the house to which he belongs may elect one of its members to preside over that house and to perform all the duties of such officers during the continuance of his dis-

ability; and such temporary officer, while performing duty as such, shall receive the same compensation to which the permanent officer is entitled by law, and no other. Each house shall choose its own officers and shall judge of the election, returns, and qualifications of its members."

Amendments 39 and 57 provided for the election of a president pro tempore at the organizational sessions instead of regular sessions, but with that exception, Section 51 remains the same.

The concluding sentence of Section 117 of the Constitution reads: "The lieutenant governor shall be ex officio president of the senate, but shall have no right to vote except in the event of a tie."

We think it is clear from the reading of Sections 51 and 117 that the right to vote in case of a tie is conferred on the lieutenant governor only, and not on the president pro tempore of the Senate when he is presiding in the absence of the lieutenant governor.

We are fortified in our opinion by what we understand the rule and practice observed subsequent to the Constitution of 1875 and prior to the adoption of the Constitution of 1901, when there was no constitutional or statutory provision for a lieutenant governor or a speaker pro tempore of the House of Representatives.

In Robertson v. State, 130 Ala. 164, 30 So. 494, a revenue bill was attacked because it was not signed by the elected speaker of the House, Hon. F. L. Pettus, but was signed by Hon. A. M. Tunstall, who had been elected speaker pro tempore since Mr. Pettus was sick, absent and unable to discharge the duties of the office. This court said:

" * * * In all such cases—in all cases, we apprehend, where, in the judgment of the house, it becomes necessary to the transaction of legislative business for a speaker *pro tempore* to be chosen and installed—the house may elect one of its

members to discharge all the duties of the office of speaker for a time commensurate with the necessity, and such temporary speaker is 'the presiding officer' of the house, who is authorized by section 27, article 4, of the constitution to sign bills, etc. * * *"

We have not found nor have we been cited to any instance where, between the adoption of Constitutions of 1875 and 1901, the speaker pro tempore of the House of Representatives voted a second time in case of a tie, even though the speaker pro tempore was a voting member of the body electing him.

In December, 1938, this court was informed that the lieutenant governor was dead and the president pro tempore of the Senate had resigned, and we were requested to advise the governor who was to preside over the new Senate until a president pro tempore could be elected. This court answered that the secretary of the Senate should preside over the body until a president pro tempore could be elected. There was certainly no intimation that the secretary of the Senate could cast a vote in case there was a tie in that election. In re Opinion of the Justices, 237 Ala. 62, 185 So. 376.

We have checked some of the Senate journals prior to the effective date of the Constitution of 1901, and we find no occasion where the president of the Senate (there being no lieutenant governor at that time) ever cast a second vote to break a tie, even though he was a member of the Senate which elected him to be their presiding officer.

The opinion of the Attorney General cites three authorities. The first is contained in the following sentence:

"Section 117 of the Constitution of Alabama 1901 confers upon the Presiding Officer the privilege of casting a vote in the case of a tie vote."

We cannot agree. We think the last sentence of Section 117 applies to the lieuten-

ant governor and not to any other presiding officer of the Senate.

The second and third authorities are Mason's Manual of Legislative Procedure, Section 514, Subsection 4, and Reeder v. Trotter, 142 Tenn. 37, 215 S.W. 400. The case of Reeder v. Trotter is the only authority cited in Mason's Manual so we now consider that case.

The county court of Knox County, Tennessee was composed of the justices of the peace and the county judge was their presiding officer. The county court, on the question of issuing bonds to remodel the courthouse, split 18 for and 18 against. Thereupon, the county judge cast a vote in favor and he declared the resolution carried. The trial court held that the county judge did not have the right to cast the deciding vote, and on appeal, the Supreme Court of Tennessee said: " * * * Not a single case has been brought to our attention in which it has been held that a presiding officer of any organization, in the absence of express authority, has a right to vote where he is not a member of such organization."; and affirmed the holding of the trial court.

It is true that there is language to support the opinion of the Attorney General, but the language quoted admittedly had no application to the case decided. We quote from Reeder v. Trotter, supra, as follows:

"A good deal has been said about the right of a presiding officer to cast the deciding vote. The rule as to this is substantially as follows: Where the statute provides that the presiding officer shall cast the deciding vote, in case of a tie, and a member of the organization is chosen as presiding officer, as such member, he is entitled to a vote, and, in case of an equality, he is entitled to a second vote. If, however, he is not a member of the organization, then he can only cast a vote, even in case of a tie, where he is expressly authorized so to do. *This rule, however, has no application to the facts of this cause.*" (Emphasis supplied.)

We do not think the Tennessee case is apt authority.

It follows that it is our opinion that the president pro tempore of the Senate is not entitled to a second vote in case of a tie vote in the Senate.

Respectfully submitted,

J. ED LIVINGSTON
  Chief Justice

THOMAS S. LAWSON

ROBERT T. SIMPSON

PELHAM J. MERRILL

JAMES S. COLEMAN, Jr.

ROBERT B. HARWOOD

JAMES N. BLOODWORTH
  Justices