322 So.2d 107

## OPINION OF THE JUSTICES.
### No. 220.

Supreme Court of Alabama.
Nov. 17, 1975.

The Senate of the State of Alabama adopted a resolution requesting the Supreme Court of Alabama to give an advisory opinion as to the validity of a minority report of a Committee on Conference of the Legislature relative to Section 64 of the Constitution of Alabama.

Question answered.

To the Honorable Members of the Senate
of Alabama
State Capitol
Montgomery, Alabama
Sirs:

On November 13, 1975, we received from you a copy of Senate Resolution 35 by Mr. McMillan, requesting our opinions, on the validity of a minority report of a Committee on Conference of the Legislature which we assume is in connection with a pending bill, viz: "Does a minority report of a Committee on Conference have validity?" The answer to this question depends upon whether a minority report of a Committee on Conference of the Legislature is permitted by the rules adopted by each house of the Legislature, or by precedents and practices of each house of the Legislature.

Under Section 53 of the Constitution of Alabama, 1901, each house has the power to determine the rules of its proceedings. The Legislature, therefore, has the authority to determine whether to permit a minority report of a Committee on Conference to be filed. While Section 64 of the Constitution of Alabama, 1901, specifically provides that " * * * no report of a committee of conference shall be adopted in either house, except upon a vote taken by yeas and nays, and entered on the journal . . .", the Constitution does not specifically prohibit the filing of such a report, but neither does it specifically permit the filing of such a report.

In short, each house has the power to determine the rules of its proceedings.

For guidance in making your determination, you may wish to look at the practices and procedures followed by similar bodies. See: Mason's Manual of Legislative Procedure, Chapter 72, pp. 543–552; Jefferson's Manual, Section XLVI (Manual and Rules of House of Representatives, 94th Congress, House Document 416, 93rd Cong., 2d Sess., 13079, pp. 268–282); Rules and Manual, United States Senate, 1973, pp. 147–164; Senate Document No. 21, 93rd Congress, First Session, document No. 13028, pp. 283–320 [see, especially, page 312, wherein it is stated: "A minority member of a Conference Committee cannot make a report, under a ruling in the house" (citing Congressional Record, July 29, 1935, pp. 12007–12013).]

In the final analysis, however, it is up to each house to determine how it will handle a Conference Committee report.

Respectfully submitted,

HOWELL HEFLIN
Chief Justice

PELHAM J. MERRILL

JAMES N. BLOODWORTH

HUGH MADDOX

JAMES H. FAULKNER

RENEAU P. ALMON

JANIE L. SHORES

ERIC EMBRY
Justices