*43 Honorable George C. Wallace Governor of the State of Alabama State Capitol Montgomery, Alabama
Dear Governor Wallace:
We have received your letter of November 3, 1983, requesting an advisory opinion regarding the several constitutional questions you describe. We quote from your letter as follows:
“The constitutional questions all relate to the special legislative elections ordered by the federal courts. The Constitution of Alabama of 1901, Article IV, Section 46, provides, in part,
“ ‘... The terms of office of the Senators and representatives shall commence on the day after the general election at which they are elected.’
“The federal court has ordered that a special legislative election be held, which election is scheduled to be held on Tuesday, November 8, 1983. In certain court orders, the United States District Court for the Middle District of Alabama has ordered, contradictorily, that the legislative terms of the currently elected Legislature extend for ‘one year’ but also ordered that their terms end on December 31, 1983, and that the terms of the newly elected Legislators (those elected in the election to be held on November 8, 1983) will begin on January 1, 1984. Thus, the first reference (‘one year’) would seemingly coincide with the Constitution of the State of Alabama, whereas the second reference is in direct conflict with the Constitution of the State of Alabama. This conflict and the related circumstances cause severe problems and uncertainty in the operation of the government of the State of Alabama under the Constitution of Alabama.
“Thus the question is when do the newly elected legislators legally begin their terms of office and when do the terms of office of the currently elected members end? Regardless of the Court’s response to the prior question, there are other constitutional questions relating to the federal court ordered special legislative elections, for which the advice of the Supreme Court is deemed appropriate.
“This next constitutional question is that the Constitution of Alabama of 1901, Amendment 39, provides for an organizational session to be held on the second Tuesday of January following the election of the Legislature. In the event that a special session of the Legislature is deemed necessary prior to this date but after the Legislature has been elected, in order to facilitate the operation of state government and to conserve the money of the taxpayers of the state, may the Legislature organize itself during a special session but prior to the transaction of legislative business?
“A third constitutional question has arisen on which I would also appreciate your advice. The Constitution of Alabama of 1901, Amendment 339, provides for regular sessions to be held annually on the first Tuesday in May, ‘or on such other days as may be prescribed by law.’ The Alabama Legislature, by legislation has provided a different date by law. Code of Alabama 1975, Section 29-1-4, while also treating the subject of organizational session in the same fashion as does the constitution, states as follows:
“ ‘... annual sessions of the Alabama Legislature shall commence on the third Tuesday in April of the first year of the term of office of the legislators, on the first tuesday of February of the second ...
“Opposing opinions are being expressed as to whether or not the meeting date for the next general session of the Legislature should be governed as the second year of the normal quadrennium or whether it should be treated as the first year.”
*44 Having reviewed the opinion and order of the federal court in Burton v. Hobbie, 561 F.Supp. 1029 (M.D.Ala.1983) (three judge panel), (order not published), we note the described conflict between the order, which reads: “The terms of office of all present members of the Alabama Legislature, both House and Senate, shall expire at midnight December 31, 1983,” Burton v. Hobbie, supra, and Ala. Const, art. IV, § 46 (1901), which provides in pertinent part: “The terms of office of the senators and representatives shall commence on the day after the general election at which they are elected _” (Emphasis added.)[1] Likewise, we note the seeming discrepancy between the federal court's order and its opinion which reads that “... the 1982 elections were for a one-year term.” Burton v. Hobbie, supra, at 1034-35.
We note that the order reads as follows:
“In accordance with the opinion of this Court made and entered this date, it is ordered that:
“1. Alabama Legislative Act 83-154, dated February 17, 1983, and precleared by the Attorney General of the United States on February 28, 1983, is hereby APPROVED.
“2. Said Act 83-154 will be implemented by elections which shall be conducted pursuant to said Act this fall.
“3. The present members of the Alabama Legislature elected pursuant to Act No. 82-629 shall serve out their one-year terms of office pursuant to Act No. 82-629.
“4. The terms of office of all present members of the Alabama Legislature, both House and Senate, shall expire at midnight December 31, 1983.
“5. Said elections shall be conducted pursuant to Act No. 83-154 in all districts, both House and Senate, of the state.”
We now proceed to interpret the federal court order and the provisions of Alabama’s Constitution so that the provisions of the order and the provisions of Alabama’s Constitution will be in harmony insofar as that is possible. We first consider the language of the order which refers to “one-year terms” but also states that “[t]he terms of office of all present members of the Alabama Legislature ... shall expire at midnight December 31, 1983.” Ordinarily, when rules of statutory construction are applied, and there is a conflict in statutory language, the common rule of construction is that the more specific statement will prevail against a more general statement. See e.g., Jefferson County v. Braswell, 407 So.2d 115 (Ala.1981). If we applied this rule here, we would construe the federal court’s order to read that the terms of the present members of the Legislature would not expire until midnight December 31, 1983, and consequently, the terms of office for the legislators elected on November 8, 1983, would not commence until 12:01 a.m., January 1, 1984.
We do not believe, however, that this general rule of construction is applicable in *45 this case, because it is clear from the opinion in Burton v. Hobbie, supra, that the federal court intended that the newly elected legislators would take office as soon as possible, because they opined that “... Alabama citizens have a right to be represented as soon as practicable by a validly elected legislature.” (Emphasis added.) The federal panel also opined:
“Clear and unequivocal notice was given to members of the Legislature and the public that the 1982 elections were for a one-year term. Incumbent legislators therefore have no legal or moral right to complain that their terms are being foreshortened. Moreover, it would be grossly unfair for this Court to extend the terms of the present incumbents when there may well be individuals who decided not to run in 1982 for a one-year term. The greatest harm, however, would befall the citizens of Alabama, who would be forced to endure three additional years of representation by a malappor-tioned Legislature.”
In interpreting the federal court order and attempting to make it harmonize with provisions of Alabama’s Constitution, we are of the opinion that the terms of the members of the Legislature elected on November 8, 1983, commenced on November 9, 1983. We reach this conclusion because we are of the opinion that the members of the legislature elected in 1982 have already served their “one-year terms,” and this interpretation of the federal court order would be consistent with the provisions of Art. IV, § 46, Constitution of Alabama, 1901, which specifically provides that the terms of members of the Legislature shall commence on the day after the general election at which they are elected. This interpretation also comports with the general rule that federal courts will not intrude into matters of state concern any more than is necessary to protect federal constitutional rights. Furthermore, this interpretation would mean that the federal court order would give effect to the opinion expressed in the federal order that “... Alabama citizens have a right to be represented as soon as practicable by a validly elected legislature.” This interpretation of the federal order means that a “validly elected legislature” would take office immediately after its members were elected, and this interpretation would comport with the provisions of art. IV, § 46, Constitution of Alabama, 1901.
We now consider your second question concerning the applicability and effect of the provisions of Amendment 39 to the Constitution of 1901 relating to the organizational session of the Legislature to be held on the “second Tuesday in January next succeeding their election.” Amendment 39 has been superseded by Amendment 57 but without substantial change as to the provision relating to organizational sessions. Specifically, you inquire of the Justices whether the Legislature may organize itself during a special session called by you. It is clearly within your power and authority as Governor to convene the Legislature on extraordinary occasions. See Ala. Const, art. V, § 122.
However, with respect to matters involving the organization of the Legislative Department, and each House thereof, we call to your attention that Amendment 57 provides in part as follows:
“The legislature shall convene on the second Tuesday in January next succeeding their election and shall remain in session for not longer than ten consecutive calendar days. No business can be transacted at such sessions except the organization of the legislature, the election of officers, the appointment of standing committees of the senate and the house of representatives for the ensuing four years, which election and appointment may, however, also be made at such other times as may be necessary_” (Emphasis added.)
Of course, we assume that the Legislature organized itself for the quadrennium during the session which convened on the second Tuesday in January, 1983, as provided by Amendment 57.
Our Constitution provides that the powers of government of the State of Alabama *46 shall be divided into three distinct departments — the legislative, the executive and the judicial; and except as expressly provided in the Constitution, neither shall exercise the powers of the others. Ala. Const, art. Ill, §§ 42, 43. See also, In re Opinion of the Justices No. 185, 278 Ala. 522, 179 So.2d 155 (1965).
Except as may be specifically provided for or otherwise restricted by the Constitution, the power and authority as to matters involving its organization reside solely with each House of the Legislature, just as does its respective power to “determine the rules of its proceedings.” Ala. Const, art. IV, § 53. In this case, however, Amendment 57 expressly provides that the Legislature has the power to elect its officers and appoint its standing committees “at such other times as may be necessary.” The Justices of this Court have heretofore advised the Senate of Alabama, where the Lieutenant Governor was deceased and the President pro tem had resigned, that the members of the Senate had the authority to elect one of its members as President pro tem who then would assume the duties as presiding officer. In re Opinions of the Justices No. 46, 237 Ala. 62, 185 So. 376 (1938).
As to matters of legislative procedure where the rules of the Senate did not provide, nor did the Constitution specially prohibit nor permit, the filing of a minority report of a committee on conference, it was the opinion of the Justices that it was a matter within the power of each House to determine the rules of its procedure; therefore, each House had the power to determine how it would handle conference committee reports. In re Opinion of the Justices No. 220, 295 Ala. 26, 322 So.2d 107 (1975).
In summary, it is the opinion of the Justices that the Legislature may elect officers and appoint committees at such other times, including a special session, whenever either House determines the same to be necessary. The constitutional provisions of Amendment 57 restricting the transaction of other legislative business and the limitation on the number of days of the session applies only at the organizational session mandated to be held on the second Tuesday in January next succeeding their election for the quadrennium.
With regard to your third question, it is our opinion that the federal court, in implementing a constitutional reapportionment plan for this state, desired that there be as little disruption as possible to state constitutional and statutory provisions relating to the election of legislators, the convening of the legislature, and the terms of office of legislators. Although legislative elections were permitted under a reapportionment plan, Act No. 82-629, which had not been precleared, it was done so as an interim measure to allow elections to proceed. Burton v. Hobbie, supra. Moreover, the federal court made clear to both the public and the members of the legislature that the 1982 legislative elections were for a “one-year term” and that special elections for the fall of 1983 would be required if Act No. 82-629 was found unconstitutional. Burton v. Hobbie, supra.
Normally, legislators are elected, along with a host of other state and county officials, at a general election every four years. Ala.Code 1975, §§ 17-2-1 and 17-2-3. But, Alabama law provides that “[w]hen a vacancy occurs in the office of senator or representative in the legislature, when the legislature will be in session prior to the next general election for that office” a special election may be called for the purpose of filling the vacancy. Ala.Code 1975, § 17-18-1. Because the federal court denominated the 1983 legislative elections as “special elections,” we are of the opinion they are special elections as provided for under Ala.Code 1975, § 17-18-1, and thus were not intended to alter either the time of the commencement of the 1984 annual session of the Alabama Legislature, which is scheduled for the first Tuesday in February, or the fact that legislative candidates elected are to serve out the remainder of the quadrennium.
*47 Respectfully submitted,
C.C. TORBERT, Jr. Chief Justice
HUGH MADDOX JAMES H. FAULKNER RICHARD L. JONES RENEAU P. ALMON JANIE L. SHORES T. ERIC EMBRY SAMUEL A. BEATTY OSCAR W. ADAMS, Jr. Justices

. Even though art. IV, § 46 refers to “general” elections and the election ordered by the federal court was a "special election," denominated as such in the opinion of the federal court, we are of the opinion that the "special election” was held pursuant to the provisions of Code 1975, § 17-18-1, which provides:
"Special elections are to be held in the following cases:
“(1) When a vacancy occurs in the office of senator or representative in the legislature, when the legislature will be in session prior to the next general election for that office;
"(2) When a vacancy occurs in the office of representative in the congress of the United States, by which the state may be deprived of its full representation at any time congress will be in session prior to the next general election for that office;
"(3) Whenever any general or special election for members of the legislature or for representatives in congress is not held;
"(4) When any vacancy occurs in any state or county office filled by election of the people not otherwise provided for by the Constitution or laws of this state; and "(5) In such other cases as are or may be provided for by law....”
Code 1975, § 17-18-7, provides:
"Special elections are to be held and conducted, the returns thereof made and certificates given and, unless otherwise provided, regulated in all respects by the provisions in relation to general elections." (Emphasis added.)