*1291 Members of the House of Representatives Alabama State House Montgomery, Alabama 36130
Dear Representatives:
We are in receipt of House Resolution No. 418, which reads:
“BE IT RESOLVED BY THE HOUSE OF REPRESENTATIVES OF THE LEGISLATURE OF ALABAMA, That we respectfully request the Honorable Chief Justice and Associate Justices of the Supreme Court or a majority of them, to give this body their written opinions on the following important constitutional questions that have arisen concerning the pending bill, S.B. 300, a copy of which is attached to this resolution and made a part hereof by reference.
“Senate Bill 300, which is currently pending in a conference committee, provides for the phase out of existing supernumerary programs and provides that public officials may participate in the Employees’ Retirement System of Alabama.
“Section 64 of the Constitution of Alabama of 1901 provides, in part, that ‘no report of a committee of conference shall be adopted in either house, except upon a vote taken by yeas and nays, and entered on the journal, as herein provided for the adoption of amendments.’
“Section 63 of the Constitution of Alabama of 1901 provides, in part, that ‘no bill shall become a law, unless on its final passage it be read at length.’
“1. What vote ratio is required for either legislative body to adopt a conference committee report?
“2. Is the vote ratio required for either body to adopt a conference committee report different if the bill to be enacted is a proposed constitutional amendment?
“3. If the vote requirement to adopt a conference committee report is met,' is another vote by the entire body necessary for final adoption of the bill?
“4. If final adoption requires another vote, what is the necessary vote ratio for a constitutional amendment?
“RESOLVED FURTHER, That the Clerk of the House of Representatives is directed to send sufficient true copies of the pending bill, S.B. 300, to the Clerk of the Supreme Court of Alabama, and to transmit this request to the Justices of the Supreme Court upon adoption of this resolution.”
The copy of S.B. 300 forwarded with the resolution reads:
“A BILL
TO BE ENTITLED AN ACT
“Proposing an amendment to the Constitution of Alabama of 1901, to phase out existing supernumerary programs and provide that public officials may participate in the Employees’ Retirement System of Alabama.
*1292 “BE IT ENACTED BY THE LEGISLATURE OF ALABAMA:
“Section 1. The following amendment to the Constitution of Alabama of 1901, is proposed and shall become valid as a part of the Constitution when all requirements of this act are fulfilled:
PROPOSED AMENDMENT
“No person first taking public office after the ratification date of this amendment may assume a supernumerary office. This amendment does not apply to a person participating in a supernumerary program on the ratification date of this amendment. The Legislature may provide for the participation of persons holding a public office who are not participating in a supernumerary program in the Employees’ Retirement System of Alabama in a separately funded unit or separately funded units if the provisions governing the participation for those persons are the same as for other regular employees participating in the Employees’ Retirement System of Alabama.
“Section 2. An election upon the proposed amendment shall be held at the next general, special, primary, or constitutional amendment election held more than three months after final adjournment of the session of the Legislature at which this act is adopted. The election shall be held in accordance with Sections 284 and 285 of the Constitution of Alabama of 1901, as amended, and the general election laws of this state.
“Section 3. Notice of the election and of the proposed amendment shall be given by proclamation of the Governor. The proclamation shall be published once a week for four successive weeks immediately preceding the day appointed for the election in a newspaper in each county of the state. In every county ⅛ which no newspaper is published, a copy of the notice shall be posted at each courthouse and post office.
“Proposing an amendment to the Constitution of Alabama of 1901, to phase out the supernumerary system for public officials and to provide for the participation of public officials in the Employees’ Retirement System of Alabama.”
In answering the questions from the House of Representatives, we look to §§ 63, 64, and 284 of our Constitution.
Section 63 of the Constitution concerns the votes required for a bill to pass. Specifically, it states that a majority of each house must vote on a bill in order for it to become law, except as otherwise provided in the Constitution. This constitutional provision for a majority vote is in pari materia with § 284, relating to the submission of constitutional amendments. Opinion of the Justices, No. 185, 278 Ala. 522,179 So.2d 155 (1965).
Section 284 prescribes how amendments to the Constitution may be proposed. A proposed amendment shall be voted on in the house of origin, and it requires a three-fifths vote of all the members elected to that house. The proposed amendment shall then be sent to the other house to be read, and it also requires a three-fifths vote of all the members elected to that house.
Section 64 of the Constitution concerns the procedure for amendment of bills and adoption of reports of committees of conference. Specifically, it provides:
“No amendment to bills shall be adopted except by a majority of the house wherein the same is offered, nor unless the amendment with the names of those voting for and against the same shall be entered at length on the journal of the house in which the same is adopted, and no amendment to bills by one house shall be concurred in by the other, unless a vote be taken by yeas and nays, and the names of the members voting for and against the same be recorded at length on the journal; and no report of a committee of conference shall be adopted in either house, except upon a vote taken by yeas and nays, and entered on the journal, as herein provided for the adoption of amendments.”
This Court has stated that, pursuant to § 64, there are only two ways by which one house can concur in amendments adopted by the other house. Board of Revenue v. Crow, 141 Ala. 126, 37 So. 469 (1904). In other words, once a bill has been intro- *1293 dueed and passed in one house and proceeds to the other house and the other house adds certain amendments, the originating house can either concur in the amendments by a majority vote entered on the journal or adopt the report of a conference committee by a yea and nay vote. By the terms of § 64, no report of a committee of conference shall be adopted in either house, except upon a vote taken as provided for the adoption of amendments, which clearly requires a majority vote.
We further note that § 64 does not require a vote on the amended bill in its entirety, but only requires that the journal show a concurrence in the amendment. Brandon v. Askew, 172 Ala. 160, 64 So. 605 (1911); Opinion of the Justices, No. 40, 232 Ala. 156,167 So. 327 (1936).
“There is no reason why either branch of the Legislature, when concurring in amendments proposed by the other [branch] ... should vote again upon such parts of the proposed law as have already received the approval of both- [Common parliamentary law and usage is that when one house proposes an amendment to a bill passed by the other, and returns the bill to the house in which it originated for concurrence, the sole question at that stage is upon the concurrence or noncon-eurrence. The Constitution contains nothing to the contrary.”
Brandon, 172 Ala. at 166, 54 So. at 607. However, the amendment must affirmatively appear upon the journal and the journal entry must show that it was concurred in by a yea and nay vote. Board of Revenue v. Crow, supra.
Based on the foregoing, we answer the questions posed by the House of Representatives as follows:
(1) Pursuant to § 64 of the Constitution a majority vote is required for each legislative body to adopt a conference committee report.
(2) Pursuant to § 284 of the Constitution, a three-fifths vote of all the members elected to that house is required for each body to adopt a conference committee report if the bill to be enacted is a proposed constitutional amendment.
(3) If the vote requirement to adopt a conference committee report is met (i.e., three-fifths vote of the membership of each house if the bill to be enacted is a proposed constitutional amendment), another vote by the entire body is not necessary for final adoption of the bill. After diligent search, we have found no constitutional provision requiring another vote by the entire body on any bill whether or not it is a proposed constitutional amendment. However, we point out that pursuant to § 53 of our Constitution, the legislature has the power to determine the rules of its proceedings. Opinion of the Justices, No. 220, 295 Ala. 26, 322 So.2d 107 (1975).
(4) Because of our answer to question number 3, it is not necessary to answer question number 4.
Respectfully submitted,
PERRY 0. HOOPER, Sr. Chief Justice
HUGH MADDOX
RENEAU P. ALMON
JANIE L. SHORES
GORMAN HOUSTON, Jr.
KENNETH F. INGRAM
RALPH D. COOK
TERRY L. BUTTS Justices